GOFF v. O'ROURKE et al.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

PARTIES—NEW DEFENDANT—INTEREST—SUFFICIENCY OF SHOWING.

One does not show himself entitled to be made a party defendant where the moving papers do not disclose the nature of the action, excepting affiant's statement that he is informed it is brought to set aside deeds, and to recover land described in the complaint, and that plaintiff alleges that he is the only heir of M. and entitled to possession, though affiant, who claims to be movant's attorney in fact, without presenting his power of attorney, states that he is informed and believes that M. left no heirs, and movant is the only one entitled to possession of the land which was held at M.'s death in trust for E., her husband; affiant not giving the source of his information or stating what relation movant bears to E.

Appeal from Special Term.

Action by Patrick F. Goff against Ignatius F. X. O'Rourke and others. From an order granting Christien Petersen leave to be made a party defendant, plaintiff appeals. Reversed, and motion denied.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Nelson L. Keach, for appellant.

Robert A. Sherlock, for respondents.

SCOTT, J. Plaintiff appeals from an order directing that Christien Petersen be brought in as a party defendant. The moving papers are extremely meager. The complaint is not printed, and no information is given as to what the action is about, except that the affiant states that he is informed that the action is brought "to set aside various deeds and to obtain possession of the various parcels of land mentioned and described in the complaint, [the plaintiff] alleging that he is the only heir of Mary Petersen, and entitled to said possession of said premises." The affiant, who claims to be the attorney in fact of Christien Petersen, although he does not present his power of attorney, alleges:

"That he is informed and believes that said Mary Petersen left no heirs at law or next of kin her surviving, and that the said Christien Petersen is the only one entitled to the possession of said premises which was held at the time of her death in trust for Ebbe Petersen, her husband."

He does not give the source of his information, or state what relation, if any, Christien Petersen bore to Ebbe Petersen. Unless we are prepared to say that any one who wishes may be made a party to an action, whether he shows any interest or not, this order must be reversed. So long as Christien Petersen is not a party to the action, he will not be bound by the result, and can institute any action with relation to the subject-matter thereto that he chooses. If there is any reason why he should be brought into this action, he should show what that reason is.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with leave to renew upon proper papers. All concur.